**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INN FOODS INC,                                  No. C 07-00649 SI

       Plaintiff,                          **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

  v.

TURNER MEAD LLC, and PAUL STEVEN MEAD, III,

       Defendants.
                                    /

       This matter is before the Court upon Plaintiff's Ex-Parte Motion for Temporary Restraining Order. Plaintiff has also filed a motion for issuance of preliminary injunction and to consolidate the trial on the merits with the hearing on preliminary injunction. Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by Affidavits or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

       In this case, it appears from the affidavits of Hilda Anaya, Accounts Receivable Clerk and Veronica Solis, Accounts Receivable Collection Assistant of Inn Foods, that Plaintiff Inn Foods, Inc. is a produce dealer and trust creditor of Defendant Turner Mead, LLC under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499e(c), and has not been paid for produce in the total amount of $68,103.49 supplied to said Defendant as required by the PACA. It is also clear from the same Affidavits and the certification of counsel that said Defendant is in severe financial jeopardy and the PACA trust assets are being dissipated or threatened with dissipation, *see Frio*

*Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990), and that said Defendant is not or may not be in a position to pay creditor's claim, *see JSG Trading Crop. v. tray-Wrap, Inc.*, 917 F.2d 75 (2d Cir. 1990), thereby warranting the relief requested by Plaintiff. On the basis of the pleadings, Affidavits and other submissions Plaintiff has filed in this matter, it appears Plaintiff will suffer immediate and irreparable injury due to said Defendant's dissipation of Plaintiff's interest in the statutory trust created pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief. Therefore, the Court is of the opinion that a Temporary Restraining Order should be issued.

If notice is given to Defendant of the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard. As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. *See J.R. Brooks & Son, Inc., v. Norman's Country Market, Inc.*, 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989). Entry of this Order without notice assures retention of the trust assets under the control of this Court which is specifically vested with jurisdiction over the trust. *See* 7 U.S.C. § 499e(c)(5). In accord with Rule 65(b)(2), the applicant attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that Plaintiff and other PACA trust creditors, if any, will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted without notice. Therefore, it is hereby ORDERED:

1. Defendant Turner Mead, LLC, its agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with said Defendant, including Defendant Paul Steven Mead, III, are enjoined and restrained from dissipating, paying, transferring, or assigning any and all assets covered by or subject to the trust provisions of the PACA without agreement of Plaintiff, or until further order of this Court. Said assets include the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities as defined in PACA, 7 U.S.C. § 499a(b), or receipts of payments for such agricultural commodities sold prior to the date of this order, provided, however, Defendants may sell perishable agricultural commodities or products derived from perishable agricultural

        commodities for fair compensation, without right of set-off, on the condition that Turner Mead maintains the proceeds of such sale subject to this Order.

2. This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

3. The $68,103.49 in PACA trust assets belonging to Plaintiff and in the possession of the Defendants will serve as Plaintiff's security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

4. This Temporary Restraining Order is entered on this 9th day of February, 2007, at 7:10 p.m., and is effective until the date of hearing on preliminary injunction specified below.

5. Plaintiff shall forthwith serve Defendants, or their resident agent, or their counsel, with a copy of this Order, Plaintiff's Complaint, and all papers submitted by Plaintiff in association with its Temporary Restraining Order application and motion for preliminary injunction.

Defendants are further ORDERED to show cause why they should not be preliminarily enjoined from distributing PACA trust funds as set out in this Temporary Restraining Order. Defendants shall file a written response, if any, to this Order to Show Cause and Plaintiff's motion for preliminary injunction, on or before February 21, 2007.

Plaintiff's motion for preliminary injunction will be heard by the Court on February 23, 2007, at 9:00 a.m. Plaintiff's motion to consolidate the trial on the merits with hearing on preliminary injunction is DENIED without prejudice. Because Defendants have not been served with the complaint or any other papers filed by Plaintiff, Defendants could be unfairly prejudiced if trial on the merits were held on such short notice.

**IT IS SO ORDERED.**

Dated: February 9, 2007

                                                   SUSAN ILLSTON
                                                   United States District Judge