Lawrence H. Meuers, Esq. (SBN 197663)
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, FL 34109
Telephone: (239)513-9191
Facsimile: (239)513-9677
lmeuers@meuerslawfirm.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| INN FOODS, INC., | Case No.: 3:07-cv-649 |
| Plaintiff, | |
| vs. | [PROPOSED] PRELIMINARY INJUNCTION ORDER |
| TURNER MEAD, LLC, and PAUL STEVEN MEAD, III, | |
| Defendants. | |

Plaintiff's Motion for Preliminary Injunction under the Federal Rules of Civil Procedure 65(a), came before this Court on Friday, March 16, 2007 at 9:00 a.m., after proper notice was issued. Katy Koestner Esquivel, counsel for the Plaintiff appeared telephonically. Defendants failed to appear, despite having been properly served with notice of this hearing.

On or about January 31, 2007, Plaintiff commenced the above entitled action against Defendants Turner Mead, LLC ("Turner Mead"), and Paul Steven Mead, III (collectively referred to as the "Defendants"), seeking to enforce payment from the statutory trust imposed by the Perishable Agricultural Commodities Act, 1930, as amended, 7 U.S.C. §499e(c)(2) ("PACA"). As part of its action, the Plaintiff sought injunctive relief against the Defendants to enjoin and restrain them from violating the provisions of PACA and from dissipating assets subject to the PACA Trust.

On or about February 9, 2007, on behalf of Plaintiff, the undersigned United

States District Court Judge issued an Order to Show Cause for Temporary Restraining Order enjoining Defendant Turner Mead, its agents, officers, subsidiaries, assigns, and banking institutions from alienating, dissipating, paying, or assigning any PACA trust assets, without agreement of the parties or until further order of this Court, or until said Defendant pays Plaintiff the sum of $68,103.49 by cashiers' check or certified check.

This Court scheduled a hearing for entry of a Preliminary Injunction for Friday, February 23, 2007. Due to Plaintiff's inability to effectuate service, on February 24, 2007, this Court entered an Order extending the Temporary Restraining Order and continuing the hearing on Plaintiff's Motion for a Preliminary Injunction to March 2, 2007. [Docket No. 13]. Neither Defendant appeared at the March 2, 2007 hearing. Plaintiff's counsel was unable to confirm whether the Defendants had been served with notice of that hearing. This Court entered a second Order extending the Temporary Restraining Order, and scheduling a continued hearing on Plaintiff's Motion for a Preliminary Injunction for Friday, March 16, 2007. [Docket No. 16]. Later that day, the Plaintiff filed proof that the Defendants were personally served on March 1, 2007 with the Temporary Restraining Order and notice of the March 2 hearing on Plaintiff's Motion for a Preliminary Injunction. [Docket Nos. 17 and 19]. Plaintiff also filed proof that efforts to serve the Defendants with this Court's March 2 Order had been unsuccessful. [Docket No. 20]. Plaintiff's counsel further represented that she has not been contacted by Defendants.

Based upon Plaintiff's pleadings, the testimony and Declarations, and the supporting documents, the Court finds that Defendant Turner Mead purchased $68,103.49 in perishable agricultural commodities in interstate commerce from Plaintiff, that Plaintiff provided Defendant Turner Mead proper notice of intent to preserve trust benefits and that Defendant Turner Mead failed to pay Plaintiff for the perishable agricultural commodities in violation of PACA, 7 U.S.C. §499e(c).

The Court further finds that Defendants have in fact dissipated the PACA trust

by failing to maintain sufficient "freely available" assets to satisfy Plaintiff's PACA trust claims.

Plaintiff has established that there is sufficient evidence of dissipation of assets subject to the PACA trust to warrant the relief granted in this order and the Court concludes that a Preliminary Injunction should be issued.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Turner Mead and its agents, officers, subsidiaries, assigns, financial and banking institutions, and all persons in active concert or participation with them or who receive actual notice of this Order are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of the parties or until further order of this Court. Under §499e(c)(2) of PACA, the assets subject to this order include all of the assets of Defendant Turner Mead, including but not limited to, any and all bank accounts at any and all financial institutions, unless the Defendants can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.

2. Plaintiff shall not be required to give security in view of the fact that Defendant Turner Mead now holds $68,103.49 of PACA trust assets that belong to Plaintiff and that this Order merely requires said Defendant to obey the requirements of PACA.

3. Within 48 hours of the entry of this Order, Defendant Turner Mead shall assign all of its accounts receivable to Plaintiff and deposit and/or deliver complete accounts, records and information of all of its accounts receivable to Plaintiff's counsel subject to those accounts receivable being collected by Plaintiff's counsel.

4. Defendant Turner Mead shall endorse any checks made, endorsed or paid to it which are trust assets and which are in its possession or obtainable by it at the time of the entry of this Order, or which it obtains or which become obtainable by it

after entry of this Order, and deliver them, within 48 hours of receipt, to Plaintiff's counsel to be held in trust pending further determination by this Court as to the distribution of those funds.

5. Defendants Turner Mead and Paul Steven Mead, III shall use their best efforts to cooperate with Plaintiff in any action which Plaintiff or their counsel may be required to take in collecting the accounts receivable or other trust assets, including any action at law or equity.

6. Immediately after the entry of this Order, Paul Steven Mead, III shall grant Plaintiff and its counsel, agents or employees, full, complete and continuing access to all of the books and records of Defendant Turner Mead, which shall include but not be limited to tax returns, accounts, invoices, ledgers, computer runs, bank statements and canceled checks relating to Turner Mead for the purpose of verifying the accounting as ordered by this Court.

7. This Order shall be binding upon Defendant Turner Mead, and its officers (including Paul Steven Mead, III), agents, servants, employees, banking and financial institutions, attorneys and/or all other persons acting in concert or participating with it who receive actual notice of this Order.

8. This Order shall continue in full force and effect, except upon further Order of this Court.

9. This Court shall retain jurisdiction of this action to ensure complete compliance with the terms of this Order.

**DONE AND ORDERED** in Chambers at San Francisco, California this ___20th___ day of March, 2007.

_____
Susan Illston
United States District Court Judge